FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA REDWINE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE NORTHWEST, INC., an Oregon corporation; and DARREN BRIEHER, an individual,<br><br>Defendants. | No. 2:24-CV-00136-MKD<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>**ECF No. 20** |

The parties have submitted a Proposed Stipulated Protective Order and ER 502(D) and (E) Clawback Agreement to the Court. ECF No. 20. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The parties' Proposed Stipulated Protective Order and ER 502(D) and (E) Clawback Agreement, **ECF No. 20**, is **GRANTED**.

ORDER - 1

## STIPULATED PROTECTIVE ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).[1]  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) the parties' non-public financial, accounting, commercial, merger and acquisition transactions, proprietary data or applications, or other proprietary or trade secret information; (b) other confidential

---

[1] The Court notes that this reference is to the Western District of Washington's local rules.  The Eastern District of Washington does not have local rules regarding protective orders.

ORDER - 2

and/or sensitive business information; (c) medical records and bills, and other healthcare records and information pertaining to any party or non-party that would be subject to HIPAA (Health Insurance Portability and Accountability Act of 1996) if in possession of a covered entity; (d) sensitive employee files and records pertaining to any non-party, including personnel records and personal medical or financial information; or (e) information otherwise provided protection from disclosure under contract or law.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the parties to the litigation, including the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the

duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific

confidential information at issue, and the filing party shall include this basis in its

motion to seal, along with any objection to sealing the information at issue.  Local

Civil Rule 5(g) sets forth the procedures that must be followed and the standards

that will be applied when a party seeks permission from the court to file material

under seal.  A party who seeks to maintain the confidentiality of its information

must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the

party filing the motion to seal.  Failure to satisfy this requirement will result in the

motion to seal being denied, in accordance with the strong presumption of public

access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under

this agreement must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  The designating party must designate for

protection only those parts of material, documents, items, or oral or written

communications that qualify, so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been made for an

improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record,

during the deposition or other pretrial proceeding, all protected testimony,

without prejudice to their right to so designate other testimony after

reviewing the transcript.  Any party or non-party may, within fifteen days

after receiving the transcript of the deposition or other pretrial proceeding,

designate portions of the transcript, or exhibits thereto, as confidential.  If a

party or non-party desires to protect confidential information at trial, the

issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the producing party must affix in a

prominent place on the exterior of the container or containers in which the

information or item is stored the word "CONFIDENTIAL."  If only a

portion or portions of the information or item warrant protection, the

producing party, to the extent practicable, shall identify the protected

portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive

the designating party's right to secure protection under this agreement for such

material.  Upon timely correction of a designation, the receiving party must make

reasonable efforts to ensure that the material is treated in accordance with the

provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the

designating party of the unauthorized disclosures, (b) use its best efforts to retrieve

all unauthorized copies of the protected material, (c) inform the person or persons

to whom unauthorized disclosures were made of all the terms of this agreement,

and (d) request that such person or persons execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain

inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the receiving parties are those set forth in Federal

Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

whatever procedure may be established in an e-discovery order or agreement that

provides for production without prior privilege review.  The parties agree to the

entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.  The

parties agree to protection of privileged and otherwise protected documents against

claims of waiver (including as against third parties and in other federal and state

proceedings) as follows:

(a)    The disclosure or production of documents by a producing party

subject to a legally recognized claim of privilege, including without limitation the

attorney-client privilege and the work-product doctrine, to a receiving party, shall

1    in no way constitute the voluntary disclosure of such document.

2         (b)    The inadvertent disclosure or production of any document in this

3    action shall not result in the waiver of any privilege, evidentiary protection, or

4    other protection associated with such document as to the receiving party or any

5    third parties, and shall not result in any waiver, including subject matter waiver, of

6    any kind.

7         (c)    If, during the course of this litigation, a party determines that any

8    document produced by another party is or may reasonably be subject to a legally

9    recognizable privilege or evidentiary protection ("Protected Document"):

10             (i)    the receiving party shall: (A) refrain from reading the Protected

11        Document any more closely than is necessary to ascertain that it is

12        privileged or otherwise protected from disclosure; (B) immediately notify

13        the producing party in writing that it has discovered documents believed to

14        be privileged or protected; (C) specifically identify the Protected Documents

15        by Bates number range or hash value; and, (D) within ten days of discovery

16        by the receiving party, return, sequester, or destroy all copies of such

17        Protected Documents, along with any notes, abstracts, or compilations of the

18        content thereof.  To the extent that a Protected Document has been loaded

19        into a litigation review database under the control of the receiving party, the

20        receiving party shall have all electronic copies of the Protected Document

extracted from the database.  Where such Protected Documents cannot be

destroyed or separated, they shall not be reviewed, disclosed, or otherwise

used by the receiving party.  Notwithstanding, the receiving party is under

no obligation to search or review the producing party's documents to

identify potentially privileged or work product Protected Documents.

(ii)    If the producing party intends to assert a claim of privilege or

other protection over documents identified by the receiving party as

Protected Documents, the producing party will, within ten days of receiving

the receiving party's written notification described above, inform the

receiving party of such intention in writing and shall provide the receiving

party with a log for such Protected Documents that is consistent with the

requirements of the Civil Rules, setting forth the basis for the claim of

privilege or other protection.  In the event that any portion of a Protected

Document does not contain privileged or protected information, the

producing party shall also provide to the receiving party a redacted copy of

the document that omits the information that the producing party believes is

subject to a claim of privilege or other protection.

(d)    If, during the course of this litigation, a party determines it has

produced a Protected Document:

(i)    the producing party may notify the receiving party of such

1    inadvertent production in writing, and demand the return of such documents.

2    Such notice shall be in writing; however, it may be delivered orally on the

3    record at a deposition, promptly followed up in writing.  The producing

4    party's written notice will identify the Protected Document inadvertently

5    produced by Bates number range or hash value, the privilege or protection

6    claimed, and the basis for the assertion of the privilege and shall provide the

7    receiving party with a log for such Protected Documents that is consistent

8    with the requirements of the Civil Rules, setting forth the basis for the claim

9    of privilege or other protection.  In the event that any portion of the

10    Protected Document does not contain privileged or protected information,

11    the producing party shall also provide to the receiving party a redacted copy

12    of the document that omits the information that the producing party believes

13    is subject to a claim of privilege or other protection.

14        (ii)    The receiving party must, within ten days of receiving the

15    producing party's written notification described above, return, sequester, or

16    destroy the Protected Document and any copies, along with any notes,

17    abstracts, or compilations of the content thereof.  To the extent that a

18    Protected Document has been loaded into a litigation review database under

19    the control of the receiving party, the receiving party shall have all electronic

20    copies of the Protected Document extracted from the database.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved.  If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that:

(i)     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)    the disclosure of the Protected Documents was not inadvertent;

(iii)   the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the producing party failed to take reasonable or timely steps to rectify the error.

(g)     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The producing party shall preserve the Protected Documents until such claim is resolved.  The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, and subject to the exceptions outlined in Paragraph 10 below, the Protected Documents shall be returned or destroyed within 10 days of the Court's order.  The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)     By operation of the parties' agreement, the parties are specifically afforded the protections of Evid. R. 502(e).

10.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

(a)     Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

(b)     If Confidential material or Protected Documents have been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential material or Protected Documents, including all associated images and native files, are extracted from such databases (including any associated staging databases) and destroyed.  "Destroyed" shall mean deletion of documents from all databases, applications, and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(c)     Notwithstanding the preceding paragraph, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, discovery requests and responses, and consultant and expert work product, even if such materials contain confidential material.  Such copies shall remain subject to the terms of this Protective Order.

(d)     The parties, counsel of record for the parties, and experts or

consultants for a party shall not be required to return or to destroy any Confidential material or Protected Documents to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential material or Protected Documents are not returned or destroyed due to the foregoing reasons, such Confidential material or Protected Documents shall remain subject to the confidentiality obligations of this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Civil Rule 6.

12.    <u>EFFECT OF STIPULATION</u>

Once all parties have agreed to this Stipulation, they shall treat it as binding

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a

waiver by the producing party of any privilege applicable to those documents,

including the attorney-client privilege, attorney work-product protection, or any

other privilege or protection recognized by law.  This Order shall be interpreted to

provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions

of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or

shall serve to limit a party's right to conduct a review of documents, ESI or

information (including metadata) for relevance, responsiveness and/or segregation

of privileged and/or protected information before production.  Information

produced in discovery that is protected as privileged or work product shall be

immediately returned to the producing party.

    **IT IS SO ORDERED.**  The District Court Executive is directed to file this

order and provide copies to the parties.

DATED November 8, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 19

# EXHIBIT A

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Washington on _____, 2024 in the case of

Jessica Redwine v. American Medical Response Northwest, Inc. and Darren

Brieher, Case No. 2:24-cv-00136-MKD.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

DATED: _____

ORDER - 20

SIGNATURE
_____

PRINTED NAME
_____

CITY AND STATE WHERE SWORN/SIGNED
_____